Christian Gabroy, Esq.
Nev. Bar No. #8805
Kaine Messer, Esq.
Nev. Bar No. #14240
GABROY LAW OFFICES
The District at Green Valley Ranch
170 South Green Valley Parkway, Suite 280
Henderson, Nevada 89012
Tel:   (702) 259-7777
Fax:   (702) 259-7704
christian@gabroy.com
kmesser@gabroy.com

Stuart J. Miller (*Pro Hac Vice* pending)
LANKENAU & MILLER, LLP
132 Nassau Street, Suite1100
New York, NY 10038
P: (212) 581-5005
F: (212) 581-2122
stuart@lankmill.com

Mary E. Olsen (*Pro Hac Vice* pending)
M. Vance McCrary (*Pro Hac Vice* pending)
THE GARDNER FIRM, PC
182 St. Francis Street
Suite 103
Mobile, Alabama 36602
P: (251) 433-8100
F: (251) 433-8181

*Attorneys for Plaintiff Joshua Hoover*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSHUA HOOVER on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NS8, INC.<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**AND JURY DEMAND** |

**CLASS ACTION COMPLAINT AND JURY DEMAND**

Joshua Hoover ("Plaintiff") on behalf of himself and a class of those similarly situated, by way of Complaint against NS8, Inc. (hereinafter referred to as "Defendant") by and through his counsel alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for collection of unpaid wages and benefits for sixty (60) calendar days pursuant to the Worker Adjustment and Retraining Notification Act of 1988 29 U.S.C. §§ 2101-2109 et seq. (the "WARN Act"). The Plaintiff was an employee of the Defendant until he was terminated as part of, or as a result of a mass layoff and/or plant closing ordered by the Defendant. As such, the Defendant is liable under the WARN Act for the failure to provide the Plaintiff and the other similarly situated former employees at least 60 days' advance written notice of termination, as required by the WARN Act.

2. Plaintiff also bring this action against Defendant on behalf of himself and the other similarly situated former employees seeking accrued but unused vacation time.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331 and 29 U.S.C § 2104 (a)(5).

4. The violation of the WARN Act alleged herein occurred in this District and more particularly in Las Vegas, NV. Venue in this Court is proper pursuant to 28 U.S.C §2104 (a)(5).

## THE PARTIES

5. Upon information and belief, at all relevant times Defendant was a Delaware corporation which maintained a facility at 241 W Charleston Blvd, Las Vegas, NV 89102 (the "Facility").

6. At all relevant times, Plaintiff Joshua Hoover was an employee who was employed by Defendant and worked at or reported to the Facility until his termination without cause on or about September 11, 2020 and thereafter.

7. On or about September 11, 2020 and thereafter, Defendant ordered the termination of the Plaintiff's employment together with the termination of approximately 220

other employees who worked at or reported to the Facility as part of a mass layoff and/or plant closing as defined by the WARN Act, for which they were entitled to receive 60 days advance written notice under the WARN Act.

8.  At or about the time the Plaintiff was terminated, Defendant ordered the termination of approximately 220 other similarly situated employees who worked at or reported to Facility (the "Other Similarly Situated Employees").

## CLASS ACTION ALLEGATIONS – 29 U.S.C. § 2104 (a)(5)

9.  Pursuant to 29 U.S.C. § 2104 (a)(5), the Plaintiff maintains this action on behalf of himself and on behalf of each of the Other Similarly Situated Employees.

10. Each of the Other Similarly Situated Former Employees is similarly situated to the Plaintiff in respect to his or her rights under the WARN Act.

11. Defendant was required by the WARN Act to give the Plaintiff and the Other Similarly Situated Employees at least 60 days advance written notice prior to their terminations.

12. Prior to their terminations, neither the Plaintiff nor the Other Similarly Situated Employees received written notice that complied with the requirements of the WARN Act.

13. Defendant failed to pay the Plaintiff and the Other Similarly Situated Employees their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) days following their respective terminations and failed to make 401(k) contributions and provide them with health insurance coverage and other employee benefits.

## CLASS ACTION ALLEGATIONS RULES 23 (a) and (b)

14. The Plaintiff brings this action on his own behalf and, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the other employees who worked at the Facility and were terminated as part of a mass layoff and/or plant closing ordered by the Defendant at the Facility on or about September 11, 2020 and thereafter ("the "Class").

*15.* The persons in the Class identified above ("Class Members") are so numerous that joinder of all Class Members is impracticable.

*16.* There are questions of law and fact common to the Class Members that predominate over any questions affecting only individual members.

*17.* The claims of the representative parties are typical of the claims of the Class.

*18.* The representative parties will fairly and adequately protect the interests of the Class.

*19.* The Plaintiff has retained counsel competent and experienced in complex class action employment litigation.

*20.* A class action is superior to other available methods for the fair and efficient adjudication of this controversy—particularly in the context of WARN Act litigation, where an individual Plaintiff and Class Members may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

*21.* There are questions of law and fact common to the Class Members that predominate over any questions solely affecting individual members of the Class, including but not limited to:

(a) Whether the Class Members were employees of the Defendant who worked at or reported to the Facility;

(b) Whether Defendant terminated the employment of the Class Members as part of a mass layoff and/or plant closing without cause on their part and without giving them 60 days advance written notice;

(c) Whether the Defendant may rely on the WARN Act's "unforeseeable business circumstances" or "faltering company" defense.

(d) Whether Defendant's failure to provide 60 days' notice should render it liable to the Class Members for 60 days' pay and benefits.

## WARN ACT CLAIM

22. At all relevant times, Defendant employed 100 or more employees, exclusive of part-time employees, or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States as defined by the WARN Act and employed more than 50 employees at the Facility.

23. At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101(a)(1) of WARN and 20 C.F.R. § 639.3(a).

24. On or about September 11, 2020 and thereafter, the Defendant ordered a "mass layoff" and/or "plant closing" at the Facility as that term is defined by 29 U.S.C. § 2101(a)(3).

25. The Plaintiff and the Class Members who were terminated by Defendant as a result of Defendant ordering a mass layoff and/or plant closing at the Facility on or about September 11, 2020 and thereafter were "affected employees" as defined by 29 U.S.C. § 2101(a)(5) of the WARN Act.

26. The mass layoff and/or plant closing at the Facility resulted in "employment losses," as that term is defined by the WARN Act for at least fifty (50) of Defendant's employees as well as 33% of Defendant's workforce at the Facility, excluding "part-time employees," as that term is defined by the WARN Act.

27. The Plaintiff and each of the Class Members are "aggrieved employees" of the Defendant as that term is defined in 29 U.S.C. § 2104 (a)(7).

28. Pursuant to Section 2102 of WARN and 20 C.F.R. § 639.1 - § 639.10 et seq., Defendant was required to provide at least 60 days prior written notice of the terminations.

29. Defendant failed to provide at least sixty (60) days prior notice to the Class Members of their terminations.

30. The Defendant failed to pay the Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 working days following their respective terminations, and failed to make the pension and 401(k) contributions, provide other employee benefits under ERISA, and pay their medical expenses for 60 calendar days from and after the dates of their respective terminations.

*31.* As a result of Defendant's failure to pay the wages, benefits and other monies as asserted above, the Aggrieved Employees were damaged in an amount equal to the sum of the Class Members unpaid wages, accrued holiday pay, accrued vacation pay, accrued sick leave pay and benefits which would have been paid for a period of sixty (60) calendar days after the date of the members' terminations.

### VACATION CLAIM

*32.* Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

*33.* During Plaintiff's employment with Defendant, Defendant maintained a vacation pay policy whereby employees whose employment was terminated were entitled to pay for unused vacation time accrued to the effective date of termination.

*34.* Defendant was therefore obligated to pay Plaintiff in full for his accrued but unused vacation time upon his termination but failed to do so.

*35.* Plaintiff and the Class Member are therefore entitled to payments for accrued but unused vacation time which was due and owing upon their terminations

**WHEREFORE**, the Plaintiff and Class Members demand judgment against the Defendant as follows:

    a. An amount equal to the sum of: unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay pension and 401(k) contributions and other ERISA benefits that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, for sixty (60) working days following the member employee's termination, all determined in accordance with the WARN Act;

    b. Certification that, pursuant to Fed. R. Civ. P. 23 (a) and (b) and the WARN Act, 29 U.S.C §2104(a)(5), Plaintiff and the Class Members constitute a single class;

    c. An amount equal to the sum of accrued but unpaid vacation as of the termination date of Plaintiff and the Class Members;

    d. Interest as allowed by law on the amounts owed under the preceding paragraphs;

  e. Appointment of the undersigned attorneys as Class Counsel;

  f. Appointment of Plaintiff as the Class Representative and payment of reasonable compensation for his services as such;

  g. The reasonable attorneys' fees and the costs and disbursements the Plaintiff incurs in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. §2104(a)(6);

  h. Such other and further relief as this Court may deem just and proper.

Dated: September 16, 2020  BY: /s/

LANKENAU & MILLER, LLP
Stuart J. Miller (*Pro Hac Vice* pending)
132 Nassau Street, Suite 1100
New York, NY 10038
P: (212) 581-5005
F: (212) 581-2122

Christian Gabroy, Esq. (#8805)
Kaine Messer, Esq. (#14240)
GABROY LAW OFFICES
The District at Green Valley Ranch
170 South Green Valley Parkway, Suite 280
Henderson, Nevada 89012
Tel: (702) 259-7777
Fax: (702) 259-7704
christian@gabroy.com
kmesser@gabroy.com

Mary E. Olsen (*Pro Hac Vice* pending)
M. Vance McCrary (*Pro Hac Vice* pending)
THE GARDNER FIRM, PC
182 St. Francis Street
Suite 103
Mobile, Alabama 36602
P: (251) 433-8100
F: (251) 433-8181

*Attorneys for Plaintiff*